IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **CECIL WAMPLER,** | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | Criminal No. 3:18-cr-00057-CAR-CHW |
| | : | Civil No.: 3:25-cv-00057-CAR-CHW |
| **UNITED STATES OF AMERICA,** | : | |
| | : | Proceedings Under 28 U.S.C. § 2255 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| | : | |

**ORDER**

Movant Cecil Wampler filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, in the Western District of Pennsylvania. (Doc. 4). The Western District of Pennsylvania determined that the petition was best construed as a Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255, and transferred the petition to this Court as the sentencing court. (Docs. 15, 16). The Court agrees that the petition, as filed, is properly construed as a Section 2255 motion. The Clerk of Court is therefore **DIRECTED** to file a copy of the petition (Doc. 4) in Movant's above-styled criminal case, No. 3:18-cr-57 (CAR), as a Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255.

The usual practice when a § 2255 motion is filed is for the Court to conduct an initial review in accordance with the provisions of Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts to determine if the § 2255 motion is subject to summary dismissal. However, Movant failed to use the standard form petition for § 2255 motions. Therefore, the Court is unable to conduct this initial review of his motion at this time.

It is therefore **ORDERED** that Movant **RECAST** his § 2255 motion **within 30 days of the date of this order**, in which he must clearly enumerate <u>all</u> his grounds for habeas relief. If

Movant fails to recast his motion, the pending motion (Doc. 4) will be construed as a § 2255 motion and Movant will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in the original motion. Pursuant to *Castro v. United States*, 540 U.S. 375, 377 (2003), Movant is also advised that if he fails to recast his § 2255 motion, so that his pending motion is characterized as a § 2255 motion, the filing will subject any future § 2255 motion to the restrictive conditions federal law imposes upon second or successive Section 2255 motions. *See* 28 U.S.C. § 2255(h). The Clerk of Court is **DIRECTED** to provide Movant with a copy of the required § 2255 form petition.

It is further **ORDERED** that the United States Attorney **RESPOND** to the claims raised in Movant's recast motion, if one is filed, or the original filing, if an amended motion or recast petition is not filed, by filing an answer or other responsive pleading pursuant to Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts within **60 days** of the date of this order.

**SO ORDERED**, this 23rd day of April, 2025.

s/ <u>Charles H. Weigle</u>
Charles H. Weigle
United States Magistrate Judge